MOSES CHESLEY *versus* JOHN WELCH.

If one would enforce a contract which operates as a penalty, although the damages may be liquidated, he should show that he has performed all the acts incumbent on him to perform to bring the case clearly within the contract.

Where the parties refered an action by rule of Court, and agreed in writing, "that the parties shall have the report of the referee opened as soon as made, and that the party defeated shall pay the other the amount of the referee's award within twenty days of the time of the award," or pay to the other the sum of one hundred dollars; and neither party within twenty days requested that the report of the referee should be opened, and it was not, but was returned into Court, and judgment rendered thereon, and the amount of the judgment was paid before any suit, but not within twenty days of the time of judgment; *it was held,* that no action on the contract could be maintained to recover the hundred dollars.

ASSUMPSIT on a contract of which a copy follows.

"Whereas John Welch and Moses Chesley have this day agreed to refer an action by rule of Court, now pending at Paris in the county of Oxford, between Moses Chesley, plaintiff, and John Welch, defendant, to the determination of John Cousins. Now it is agreed that the parties shall have the report of the referee opened as soon as the same is made; and that the party defeated, shall pay the other the amount of the referee's award within twenty days of the time of the award;

and if either party shall fail to pay the other the amount awarded at the time of the award ; and if either party shall fail to pay the other the amount awarded at the time aforesaid, he shall pay, and does hereby agree to pay the other the sum of one hundred dollars as damages for non-performance of this agreement by payment at the time aforesaid.   Nov. 17, 1838.

" John Welch.<br>" Moses Chesley."

The plaintiff read the contract and the copy of a judgment recovered by him against the defendant in the District Court for the county of Oxford, June Term, 1839, for $11,31, damage, costs of reference, and costs of Court, making in the whole, debt and costs, $37,58.   This judgment was founded upon the report of Cousins as referee, the reference having been entered into Nov. Term, 1838.   The defendant did not pay the amount of this judgment within thirty days after judgment, but did pay the same afterwards before the commencement of this suit.

The cause was taken from the jury by consent, and it was agreed, that the Court should render judgment for either party according to their legal rights respectively.

*Deblois* and *O. G. Fessenden,* argued for the plaintiff, citing 2 Bailey, 295 ; Evans' Pothier on Oblig. 98 ; 2 Com. on Con. 537 ; 2 B. & P. 352 ; 1 H. Black. 232 ; 4 Burr. 2227 ; 2 T. R. 32 ; 8 Mass. R. 223 ; 14 Maine R. 250 ; 1 Dane, 549.

*Codman & Fox,* for the defendant.

The opinion of the Court was by

Shepley J. — The contract between the parties bearing date on the seventeenth day of November, 1838, was not designed to authorize the referee to open and publish his award to the parties.   The clause, which states " that the parties shall have the report of the referee opened as soon as the same is made," shews that a future act was contemplated as necessary to be performed by them.   This was only the agreement requiring that future act to be done.   They did not expect,

that the referee would deliver his award or disclose its character to the party, against whom he had decided, without the presence or the written consent of the other party. It appears to have been their intention to avoid the delay, which might happen by having the award presented to a Court, which might not be in session for months after it was made, and to compel by the agreed damages an earlier performance, than could be enforced by law. The report of the referee does not appear to have been opened before it was returned to the Court; and the event, which was to determine that payment should be made within twenty days after the award, has never happened. If it had been the duty, or even within the power of the defendant alone to have caused the report to be opened as soon as the same was made, this would not have been any sufficient excuse. But this he was not required to do without some further act on the part of the plaintiff. The delivery of the report into Court or its publication there was not the event, upon which the payment within a certain time was to depend. In the case of *Thorpe* v. *Thorpe*, 1 Salk. 171, HOLT C. J. says, " when a certain day of payment is appointed, and that day is to happen subsequent to the performance of the thing to be done by the contract, in such case performance is a condition precedent and must be averred in an action for the money." If one would enforce a contract, which operates as a penalty, although the damages may be liquidated, he should shew, that he has performed all acts incumbent on him to perform to bring the case clearly within the contract. The parties in this case did not contract to pay within twenty days after the award upon the agreement and condition, that it should be returned to Court and there opened, but on the agreement, that it should be opened as soon as made. The plaintiff therefore does not present a case within the terms of the contract or the intention of the parties, when they entered into it.

*Plaintiff nonsuit.*